IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| RICHARD KRUGER d/b/a<br>DIAMOND LIMOUSINE,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK DIAMOND LIMOUSINE,<br>INC., and<br>OLD CAPITOL LIMOUSINE,<br><br>Defendants. | No. C13-0103<br><br>REPORT AND RECOMMENDATION |

On the 24th day of July 2014, this matter came on for hearing on the Motion for Sanctions (docket number 16) filed by the Defendants on June 23, 2014. Defendants were represented by their attorney, Chad D. Brakhahn. Plaintiff Richard Kruger did not appear, nor anyone for him.

## I. RELEVANT FACTS AND PROCEEDINGS

On October 8, 2013, Plaintiff Richard Kruger, d/b/a Diamond Limousine, filed a complaint naming Black Diamond Limousine, Inc. and Old Capitol Limousine, Inc. as defendants. Kruger claimed entitlement to damages for trademark infringement, trade name infringement, and unfair competition. Defendants filed an answer on October 31, denying the material allegations.

On November 7, 2013, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. At that time, Kruger was represented by attorneys Vernon P. Squires and Natalie K. Ditmars of the Bradley and Riley law firm.

They filed a motion to withdraw on April 25, 2014, however, and were permitted to withdraw in an Order filed on May 14.

On May 19, 2014, Defendants filed a motion to compel discovery. According to the motion, Defendants served Plaintiff with interrogatories and a request for production of documents on February 26, 2014. Plaintiff's responses were due not later than March 28. At the request of Plaintiff's counsel, Defendants agreed to a 30-day extension, with the responses due by April 28. When Plaintiff did not respond by that date, Defendants again contacted Plaintiff's counsel. By that time, Plaintiff's counsel had moved to withdraw, but a further extension was requested because "Plaintiff is going to look for a new attorney to take his case." Defendants agreed to another extension to May 16.

Plaintiff did not respond to Defendants' discovery requests by the extended deadline, and Defendants filed the motion to compel on May 19. Plaintiff did not file any response to the motion to compel, and the Court filed an Order Compelling Discovery on June 6. The Order provided that "Plaintiff must respond to Defendants' discovery requests not later than June 16, 2014, or be subject to appropriate sanctions, *including dismissal of the action*." (emphasis added)

Plaintiff did not comply with the Court's Order Compelling Discovery, or respond to Defendants' discovery requests. Accordingly, on June 23, Defendants filed the instant motion for sanctions. Plaintiff did not respond to the motion for sanctions within the time permitted by the RULES. The Court then set the motion for hearing. The Order provided, in part, as follows:

> Plaintiff is required to personally appear at the time of hearing.
> *If Plaintiff fails to appear, then the Court may order appropriate sanctions, including dismissal of the action and au award of attorney fees and costs.*

Order Setting Hearing (docket number 17) at 2 (emphasis in original).

2

Plaintiff did not appear at the instant hearing. Defendants' counsel advised the Court that he had not heard from Plaintiff since filing the motion for sanctions, and Plaintiff has not responded to Defendants' discovery requests.

## II. DISCUSSION

If a party fails to obey an order compelling discovery, the court may issue "further just orders," including "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). "To justify a sanction of dismissal, RULE 37 requires: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 898 (8th Cir. 2009). I believe that each of these elements has been established and Plaintiff's complaint should be dismissed.

It is undisputed that the Court entered an Order Compelling Discovery on June 6, 2014. Plaintiff was ordered to produce the requested discovery by June 16. Plaintiff failed to produce discovery by June 16, as required by the Court's Order. Plaintiff failed to appear at the instant hearing or otherwise respond to the instant motion. Plaintiff has not provided any explanation as to why he failed to comply with the Court's Order. Defendants' discovery requests were served nearly five months ago. Plaintiff has not produced *any* discovery in this case. I believe that Plaintiff's failure to provide written discovery is a willful violation of the Court's Order Compelling Discovery.

Plaintiff's failure to provide discovery has caused prejudice to Defendants. Obviously, Defendants cannot prepare an appropriate defense to Plaintiff's claims, if he refuses to respond to interrogatories or requests for production of documents. The discovery deadline in this case is August 6, 2014. Under these circumstances, I believe dismissal of Plaintiff's complaint is an appropriate sanction.

Defendants also ask the Court to order Plaintiff to pay reasonable expenses, including attorney fees, incurred in bringing the motion to compel and motion for

3

sanctions. If a motion to compel is granted, then FEDERAL RULE OF CIVIL PROCEDURE 37(a)(5)(A) requires the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney fees, absent certain exceptions not applicable here. Similarly, RULE 37(b)(2)(C) provides that in addition to other sanctions, if a party fails to comply with an order compelling discovery, the disobedient party must pay "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

I believe that Plaintiff's failure to provide the requested discovery, or comply with the Court's Order Compelling Discovery, was not "substantially justified." Furthermore, there are no "other circumstances" which would make an award of expenses unjust. Accordingly, I believe Plaintiff should be required to pay Defendants' reasonable expenses, including attorney fees, associated with the filing of the motion to compel and the motion for sanctions. Defendants should be directed to submit a separate application specifying the amounts claimed, with Plaintiff given an opportunity to respond to the amount requested.

### III. RECOMMENDATION

For the reasons set forth above, I respectfully **RECOMMEND** that the Motion for Sanctions (docket number 16) filed by the Defendants be **GRANTED**. I believe Plaintiff's complaint should be dismissed with prejudice. I also believe that Plaintiff should be required to pay Defendants' reasonable expenses, including attorney fees, associated with the filing of the motion to compel and motion for sanctions.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *The parties are reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange*

*promptly for a transcription of all portions of the record the district court judge will need to rule on the objections."* Accordingly, if the parties are going to object to this Report and Recommendation, they must promptly order a transcript of the hearing held on June 24, 2014.

DATED this 25th day of July, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA